IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**VICTORY RAMEY JONES,**

    **PLAINTIFF,**

vs.                                                          **Civil Action No.: 2:22-cv-00128**
                                                                   **Judge:  Thomas E. Johnston**

**P.S. MANAGEMENT, INC.**

    **DEFENDANT**.

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO LIFT STAY
AND FOR APPROVAL OF SETTLEMENT AGREEMENT**

Victory Ramey Jones ("Plaintiff") and P.S. Management, Inc. ("Defendant" and, together with Plaintiff, the "Parties"), (collectively "Defendants") have reached a settlement in the above-captioned case. The Parties now respectfully request that the Court approve their settlement of this Fair Labor Standards Act ("FLSA") action seeking alleged lost compensation and dismiss this case with prejudice. As detailed below, the Court should grant the Parties' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' bona fide dispute as to liability and alleged damages under the FLSA.

**Relevant Procedural and Factual History**

On March 9, 2022, Plaintiff filed an action entitled *Victory Ramey Jones, et al. v. P.S. Management, Inc.*, No. 2:22-cv-128, in the United States District Court for the Southern District of West Virginia (the "Action"). *See* ECF No. 1. In the Action, Plaintiff alleged that Defendant violated the FLSA by failing to pay her proper mileage reimbursement for job-related expenses during her employment as a delivery driver. Specifically, she claimed that Defendant was

Page 1 of 6
Victory Ramey Jones, et al. v. P.S. Management, Inc.
U.S.D.C. (S.D. W.Va.) Case No. 2:21-cv-00128
Memorandum in Support of Joint Motion to Lift Stay
and for Approval of Settlement Agreement

obligated to pay her at the applicable IRS standard mileage rate for miles driven and failed to do so. Defendant denies the allegations in the Complaint and avers that its policies complied with the requirements of the FLSA.

On April 1, Defendant filed a Motion to Compel Arbitration and Stay or Dismiss Action, claiming that a valid arbitration agreement existed between Plaintiff and Defendant. *See* ECF Nos. 4 & 5. Following the Motion, the Parties submitted a Joint Stipulation stating that the Parties agreed to arbitrate pursuant to the terms of the arbitration agreement. *See* ECF No. 6. The Court then entered an Order dismissing Plaintiff's collective action claims staying this Action pending resolution of arbitration of Plaintiff's individual claims between the Parties. *See* ECF No. 7.

Following the stay of this Action, the Parties engaged in fact investigation and informal discovery, providing information and data related to Plaintiff's claims. The Parties then engaged in arms-length negotiations between counsel. Through these efforts, the Parties reached an agreement to resolve the pending Action, which is set forth in a Settlement Agreement, which is attached as Exhibit 1 to the Motion (the "Agreement").

Based upon the investigation of Plaintiff's counsel, the discovery that occurred, the expense and time necessary to prosecute the Action through further discovery and trial, the risks of further prosecution of the Action, and the benefits to be received pursuant to this Agreement, Plaintiff and Plaintiff's counsel have concluded that a settlement with Defendant on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interests of Plaintiff.

Defendant denies the claims asserted in the Action and make no admission whatsoever of liability or violation of the FLSA. Defendant nevertheless desires to settle the Action on the terms set forth in the Settlement Agreement for the purpose of avoiding the burden, expense, and

Page 2 of 6
Victory Ramey Jones, et al. v. P.S. Management, Inc.
U.S.D.C. (S.D. W.Va.) Case No. 2:21-cv-00128
Memorandum in Support of Joint Motion to Lift Stay
and for Approval of Settlement Agreement

uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action.

The Parties believe that the settlement reached in this matter represents a fair and reasonable compromise given the disputed matters at issue and the risks of continuing forward with litigation on the merits.

### Standard for Approval of Settlement of FLSA Claims

Although the Fourth Circuit has not directly addressed the issue, district courts in this Circuit often examine the factors set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), when determining the fairness of an FLSA settlement. *Federer v. Genesis Eldercare Rehab. Servs. LLC*, No. 3:17-0211, 2017 U.S. Dist. LEXIS 177665, at *2 (S.D. W. Va. 2017). Under *Lynn's Food Stores*, the relevant inquiry is whether the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355.

The reasonableness inquiry involves a weighing of several factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Saman v. LBDP, Inc.*, Civil Action No. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414, at *8 (D. Md. 2013).

### Argument

When viewed in light of the *Lynn's Food* standards, this settlement is plainly reasonable. A bona fide dispute exists between the Parties as to the correct reimbursement rate for vehicle

Page 3 of 6
Victory Ramey Jones, et al. v. P.S. Management, Inc.
U.S.D.C. (S.D. W.Va.) Case No. 2:21-cv-00128
Memorandum in Support of Joint Motion to Lift Stay
and for Approval of Settlement Agreement

expenses and whether Defendant was obliged to, and did, reimburse Plaintiff in a manner consistent with law. It is Plaintiff's position that the applicable IRS rate is the correct rate and that any lower rate is a violation of the FLSA. Defendant's position is that the IRS reimbursement rate is not the exclusive rate, that it appropriately reimbursed Plaintiff by other means to the extent Plaintiff was entitled to reimbursement, and that it did not violate the FLSA as to reimbursement of Plaintiff's vehicle expenses or otherwise. The Parties chose to forego the uncertainty of the resolution of these disputes by entering into the instant settlement.

The factors also support a finding of reasonableness. The discovery that has taken place supplied the Parties with the relevant information: how much Plaintiff was reimbursed for each mile driven. While this is a relatively small case, trial would likely have involved the use of competing expert witnesses to testify as to the correct reimbursement rate, an issue which is not settled. No fraud or collusion taints the settlement. From the time the Complaint was filed through the conclusion of settlement negotiations and to date, Plaintiff was represented by counsel who are experienced in handling wage and hour individual as well as collective actions and all negotiations with Defendant's counsel were conducted at arm's-length. Counsel for both Parties agree that this is a fair and reasonable settlement.

Using time and payroll records provided by Defendant, Plaintiff's counsel was able to determine what it believed to be Plaintiff's maximum damages for mileage reimbursement, assuming as true all allegations in the Complaint. These calculations take into account the miles driven by Plaintiffs, the amount she was reimbursed, and the amount she would have been reimbursed had Defendant used the then-applicable IRS rate. Using these metrics, Plaintiff's maximum lost wage damages are $3,709.37.

Page 4 of 6
Victory Ramey Jones, et al. v. P.S. Management, Inc.
U.S.D.C. (S.D. W.Va.) Case No. 2:21-cv-00128
Memorandum in Support of Joint Motion to Lift Stay
and for Approval of Settlement Agreement

Under the terms of the settlement, Plaintiff is receiving $3,000.00, or over 80% of these maximum lost wage damages. This amount is reasonable given that, were Defendant successful in its argument, Plaintiff would have been entitled to nothing. Although liquidated damages in an equal amount to lost wage damages may sometimes be awarded to a prevailing Plaintiff under the FLSA, the Defendant may negate this entitlement by proving to the Court that it acted in good faith and possessed a reasonable belief that its conduct was not a violation of the FLSA. *Federer*, 2017 U.S. Dist. LEXIS 177665, at *3 (2017). Counsel for the Parties agreed that liquidated damages were unlikely to be recovered in this case due to the unsettled nature of proper mileage reimbursement.

Pursuant to its contingency fee agreement with Plaintiff, Plaintiff's counsel is receiving 40% of the total settlement. Plaintiff's counsel has incurred over $9,000.00 in fees and costs in this matter, taking it from initial fact investigation and Complaint drafting through discovery, damages calculations, and settlement negotiations. At just 22% of their billing, the agreed fees should be approved.

Page 5 of 6
Victory Ramey Jones, et al. v. P.S. Management, Inc.
U.S.D.C. (S.D. W.Va.) Case No. 2:21-cv-00128
Memorandum in Support of Joint Motion to Lift Stay
and for Approval of Settlement Agreement


## CONCLUSION

This FLSA settlement is a product of an arm's-length negotiation between the Parties and their counsel, which resolves a bona fide dispute over allegedly owed wages. As such, the settlement is fair and reasonable. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement. Finally, the Parties jointly request that this action be dismissed with prejudice and that the Court retain jurisdiction over the matter to enforce the terms of the Agreement.

Respectfully submitted,

**VICTORY RAMEY-JONES, PLAINTIFF**

*/s/ Rodney A. Smith*
Rodney A. Smith
ROD SMITH LAW, PLLC
108 ½ Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 699-1486
rod@lawwv.com

and **P.S. MANAGEMENT, INC., DEFENDANT**

*/s/ Katherine B. Capito*
Katherine B. Capito
Alex J. Zurbuch
FROST BROWN TODD, LLC
500 Virginia Street, East, Suite 1100
Charlestown, West Virginia 25301
Telephone: (304) 348-2411
kcapito@fbtlaw.com
azurbuch@fbtlaw.com

Page 6 of 6
Victory Ramey Jones, et al. v. P.S. Management, Inc.
U.S.D.C. (S.D. W.Va.) Case No. 2:21-cv-00128
Memorandum in Support of Joint Motion to Lift Stay
and for Approval of Settlement Agreement